ISRAEL PERLMAN, Appellant, *v.* ARON PERLMAN, Respondent, Impleaded with PAULA PERLMAN, Defendant.

First Department, May 13, 1932.

*Arnold A. Jaffe* of counsel [*Cady, Schapiro & Schapiro,* attorneys], for the appellant.

*Benjamin Weiss* of counsel [*Benjamin Antin,* attorney], for the respondent.

O'MALLEY, J.   Plaintiff's motion, made pursuant to rules 109, 112, 113 and 114 of the Rules of Civil Practice, sought an order striking out the affirmative defenses and counterclaims of the defendant Aron Perlman for insufficiency, upon the ground that they might not be properly interposed in the action, and for summary judgment.   By short form order the court granted plaintiff's motion in all respects and denied a counter-motion by the defendant to amend the answer.   Thereafter, by long form order, the first order was vacated; plaintiff's motion for an order striking out the affirmative defenses and counterclaims interposed by such defendant granted, and for summary judgment likewise granted, " with leave, however, to the said defendant Aron Perlman to serve an amended answer within five days."   The order further provided that upon failure to so amend plaintiff might enter judgment.

Plaintiff appeals from so much of the order as grants the defendant leave to amend.   No appeal by said defendant was taken. The order in so far as appealed from must be reversed.

The sufficiency of pleadings attacked by a motion for summary judgment under rules 113 and 114 of the Rules of Civil Practice is not determinative.   The basic principle of such a motion is whether the party whose pleading is attacked has shown *by affidavit* or otherwise a triable issue or a right to defend.   Even though the pleading itself be deemed insufficient, the motion must be denied if the affidavits show facts sufficient to constitute a defense entitling the pleader to defend.   (*Curry* v. *Mackenzie,* 239 N. Y. 267.) Conversely, if sufficient facts are not shown, no leave to plead anew should be granted.

Consideration of the record upon the merits leads to the conclusion that the Special Term properly granted summary judgment. The plaintiff sues to recover a balance due of $2,000 on a loan made by him and one Morris Perlman to the defendant. Morris Perlman's rights have been assigned to the plaintiff. That such loan was made and such balance remains unpaid is conceded in the opposing affidavit of the defendant.

In his original answer and proposed amended answer the defendant pleads certain alleged defenses and counterclaims. The question presented, therefore, is whether his affidavits show he is entitled to defend by reason of these defenses and counterclaims, plaintiff's cause of action having been conceded.

The proposed amended answer contains three defenses and counterclaims which are sought to be substantiated in the affidavits opposing the motion for summary judgment.

The first two counterclaims are predicated upon certain loans made by one Max Perlman to the plaintiff and his assignor, Morris Perlman. So far as is material to this appeal, they are similar, both being predicated upon the same facts and differing only in amounts.

These two claims, as substantiated by the opposing affidavits, are to the effect that the loans were made in 1914; that at all times in question the plaintiff and his assignor, Morris Perlman, were residents of Chicago, Ill.; that when made, the lender, Max Perlman, defendant's assignor, was a resident of Germany, where the loan was to be repaid; that the said Max Perlman is now a resident of Holland; that the German statute of limitations for the commencement of an action upon such a loan is thirty years; that since the loan was made the plaintiff and the said Morris Perlman have acknowledged in writing their obligation to pay under date of July 1, 1919, and March 30, 1927, respectively; that prior to the commencement of this action and prior to the time of the assignment to the plaintiff by Morris Perlman of his right, title and interest to the claim sued upon, the said Max Perlman, on October 17, 1927, assigned these claims to the defendant who, since 1916, has been a resident of this State.

We are of opinion that the defendant Aron Perlman set forth no facts in the answering affidavits entitling him to defend by reason of these two counterclaims. It appears from the opposing affidavits that the causes of action arose without the State in favor of a non-resident and against non-residents. The six-year Statute of Limitations in this State, therefore, applies. (*Garrison* v. *Newman*, 222 App. Div. 498.)

Nor is the six-year statute of this State avoided by the writings

pleaded. In the first place, only one of them, the communication of March 30, 1927, was within the six-year period. Such communication was not even an unqualified and absolute acknowledgment of the debt. It disputed what was due and owing. Moreover, it contained no promise to pay the old debt. It was, therefore, insufficient. (*Connecticut Trust & S. D. Co.* v. *Wead*, 172 N. Y. 497.) Furthermore, it was not written to the creditor, Max Perlman, but to the defendant Aron Perlman.

The third defense and counterclaim is to the effect that there exists a partnership between the plaintiff, his assignor, Morris Perlman, and defendant's assignor, Max Perlman; that defendant's assignor, Max Perlman, has unsuccessfully demanded an accounting; that on such an accounting there will be found to be due a sum in excess of the amount of the plaintiff's claim and that all the right, title and interest of Max Perlman in and to this partnership claim has been assigned to the defendant Aron Perlman.

Such counterclaim is not one properly interposable in this action. It does not come within the purview of section 266 of the Civil Practice Act. The cause of action sought to be pleaded does not arise out of the contract or transaction set forth in the complaint. It is not connected with the subject of such action, nor is it an action on contract existing at the commencement of the action.

True it is that the partnership is founded on contract. But so far as an action at law is concerned, none would exist before an accounting and a balance struck; nor may an equitable cause of action for an accounting be maintained without the presence of all the partners. (*Hanna* v. *Mitchell*, 202 App. Div. 504; affd., 235 N. Y. 534.) Defendant's reliance upon the decision in *Waddell* v. *Darling* (51 N. Y. 327) in support of the latter remedy is misplaced. It is true a counterclaim for a partnership accounting was there allowed. But whether such decision would be followed at this time it is not necessary to decide. The case is factually dissimilar from the one under consideration. There, all the parties to the partnership were present and the court merely stated that in such a case the account might as well be taken and the balance struck in the one action. It was further stated (p. 331): " In the case supposed all the necessary parties should be before the court." Here, all the necessary parties are not before the court.

The Special Term, therefore, properly granted plaintiff's motion for summary judgment against the defendant, respondent, Aron Perlman. Leave to plead over, however, should not have been granted.

It follows that the order appealed from should be reversed in so far as it grants leave to the defendant Aron Perlman to plead

over. In all other respects the order appealed from should be affirmed, with ten dollars costs and disbursements to the appellant.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur.

Order reversed in so far as it grants leave to the defendant Aron Perlman to plead over; and in all other respects the said order in so far as appealed from affirmed, with ten dollars costs and disbursements to the appellant.