[L. A. No. 18055. In Bank. Feb. 18, 1942.]

EAGLE OIL & REFINING CO., INC. (a Corporation), Respondent, v. B. H. PRENTICE, Appellant.

B. H. Prentice in pro. per. for Appellant.

Cobb, Campbell & Kelley for Respondent.

CARTER, J.—Defendant appeals from a summary judgment for the sum of $2,879.87, together with interest and costs, entered against him pursuant to section 437c of the Code of Civil Procedure.

Plaintiff's complaint was in two counts, one a common count for goods sold and delivered of the value of $32,364.44, of which it was alleged $29,484.57 had been paid, and the other, the balance due on a book account. Both involved the same indebtedness. Defendant filed an unverified answer in which he denied the indebtedness averred in the first count and as to the second count pleaded: "Denies that defendant is indebted to plaintiff upon an open book account in the sum of $2,879.87. Furthermore, defendant denies that there is any sum now due, owing and unpaid which defendant has not

offered to be paid.'' As a separate defense defendant pleaded that on May 13, 1939, plaintiff and defendant entered into an agreement whereby plaintiff accepted a mortgage which provided that it was security for products to be delivered by plaintiff to defendant not exceeding $3,000, and also a further agreement of July 13, 1939, between plaintiff and defendant that any obligation owed by the latter to the former was to be discharged at the rate of $200 per month.

Plaintiff made a motion to strike defendant's answer and for entry of judgment for $2,879.87 under section 437c of the Code of Civil Procedure. When the motion came on for hearing defendant filed a verified amended answer the same in substance as the original. The motion was granted and defendant appeals from the judgment thereupon entered.

Section 437c, prior to its amendment in 1939, provided that with respect to actions on certain claims as follows: ''. . . if it is claimed that there is no defense to the action, on motion of the plaintiff, after notice of the time and place thereof in writing served on the answering defendant at least ten days before such motion, supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out and judgment may be entered, in the discretion of the court, unless the defendant, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend.''

At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. (*Walsh* v. *Walsh,* 18 Cal. (2d) 439 [116 Pac. (2d) 62]; *Security-First National Bank of Los Angeles* v. *Cryer,* 39 Cal. App. (2d) 757 [104 Pac. (2d) 66]; *McComsey* v. *Leaf,* 36 Cal. App. (2d) 132 [97 Pac. (2d) 242]; *Kelly* v. *Liddicoat,* 35 Cal. App. (2d) 559 [96 Pac. (2d) 186]; *Shea* v. *Leonis,* 29 Cal. App. (2d) 184 [84 Pac. (2d) 277]; *Bank of America etc. Assn.* v. *Casady,* 15 Cal. App. (2d) 163 [59 Pac. (2d) 444]; *Gardenswartz* v. *Equitable Life Assur. Society,* 23 Cal. App. (2d) (Supp.) 745 [68 Pac. (2d) 322]; *Krieger* v. *Dennie,* 123 Cal. App. (Supp.) 777 [10 Pac. (2d)

820] ; *Cowan Oil & Refining Co.* v. *Miley Petroleum Corp,* 112 Cal. App. (Supp.) 773 [295 Pac. 504].) If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury. Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra.*)

For these reasons it may further be said that the affidavits of the moving party, the plaintiff in this case, should be strictly construed and those of his opponent liberally construed. (*McComsey* v. *Leaf, supra; Fuller* v. *General Acc. Fire & Life Assur. Corp., Ltd., of Perth, Scotland,* 224 Wis. 603 [272 N. W. 839] ; see 13 So. Cal. L. Rev. 523.) And in this connection it may be further observed that the better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. (*McComsey* v. *Leaf, supra.*)

 With these rules in mind we turn to the facts here presented. It appears from plaintiff's affidavit that on or about March 1, 1939, Nelson, an officer of plaintiff corporation, discussed an arrangement with defendant with reference to the purchase by defendant of the products sold by plaintiff, which plaintiff "agreed to sell at their established . . . prices with the agreement that said merchandise was to be paid for upon delivery." Defendant denies that the arrangement was for payment on delivery and alleges that a credit was agreed upon whereby payments were to be made on receipt of invoices by mail. Plaintiff commenced delivery of its products on March 9, 1939, and continued thereafter until July 13, 1939 ; and invoices were presented to defendant showing the products delivered and price charged; attached to plaintiff's affidavit is a copy of the account. Plaintiff states

that defendant made no objection to the account of the transactions, and that the prices charged were the reasonable and agreed value of the products. Defendant denies those statements and avers ''that objections were made to said account at various times, and particularly at a certain conference with said Nelson on or about July 13, 1939, and that plaintiff stated that affiant's objections were proper and well taken and that proper credit would be given affiant which credit never has been given to affiant's account.'' On June 17, 1939, plaintiff sent a letter to defendant advising him that the prices being charged for the gasoline purchased by him were not enough, that it could not continue to supply the product, that the quantity purchased by defendant was not sufficient, that the account must be paid in full at this time, and demanding payment of $3,163.81, the amount claimed due as of June 16, 1939. In reply defendant sent a letter to plaintiff on July 3, 1939, in which defendant referred to the plaintiff's letter and a conversation of June 27, 1939, and stated: ''. . . it is with considerable regret that we must inform you that thus far we have been unable to assist you. In order that there might be no question as to what our situation is, we, after having gone over the matter quite thoroughly, do not believe that it would be possible to pay to you the entire sum of $3,000.00 in the next few days as requested by yourselves. We have, however, shown our good intentions by mailing you a check on account and presume that if your patience holds out that we will be continuing to do this from time to time until we have either wiped out the entire account in this matter, or until we have arranged with some other refinery to carry our gasoline purchase account for us on terms somewhat similar to that which we have with you. You may be assured that we will do all that can be reasonably expected of us to liquidate this account as soon as possible. We have no desire to pay interest to you on the sum involved.'' It is alleged in plaintiff's affidavit that in May, 1939, defendant requested plaintiff to accept as security for the payment of $2,000 of the account, a trust deed on Los Angeles County property, and that plaintiff returned the proffered note and trust deed; that also a mortgage in which it was recited that it was security for $3,000 instead of $2,000 was returned because not properly executed, and that plaintiff would not accept it as credit on the account; that a conference was had at the request

of defendant to arrange a form of payment of the account; that plaintiff did not agree to accept the mortgage or to accept payment of the account in installments; that it made no agreement, such as alleged in defendant's answer to accept payments of $200 per month on the account. On the other hand with respect to the credit arrangement for the payment of the account, defendant states in his affidavit that he denies "that in May, 1939, he asked or requested plaintiff, or the said H. F. Nelson (president of plaintiff), to accept a trust deed upon the real property described in the affidavit of said H. F. Nelson, as security for a note of $2000.00 to be credited upon affiant's account with plaintiff:

"Affiant alleges said H. F. Nelson, during the said month of May, 1939, demanded of affiant that the said account be paid and at said time; pursuant to such demands, affiant did on or about May 13, 1939, pay to plaintiff the sum of $2889.73 in cash to apply on the account and agreed to and did pay to plaintiff within twenty days thereafter the entire balance of the amount of the account; that at that time a new agreement was entered into between affiant and plaintiff respecting future purchases and payment thereof, and by which agreement affiant was to execute and deliver to plaintiff a mortgage upon the above referred to real property, and containing the terms of said agreement, as security for future purchases of merchandise not exceeding the sum of $3000.00. . . .

"Affiant denies that the said sum of $3000.00, represented in said mortgage, was to be credited upon his account, but alleges that such sum was the maximum amount for which it was to be security for future purchases. . . .

"Affiant alleges that on or about the 13th of July, 1939, he and plaintiff entered into another, separate and subsequent agreement in respect to the security for said account and the payments to be made thereon; that the terms of the latter agreement were that affiant was to make a minimum payment of $200.00 each month thereafter starting August 15, 1939, and continuing until the account, including interest on the unpaid monthly balances at the rate of six percent per annum, was paid and that plaintiff agreed to prepare a trust deed upon said real property and in accordance with such agreement and this affiant agreed to execute the same, which trust deed was to be security for payments to be made under said agreement. . . .

"Affiant alleges that at the time when due and in strict

compliance with the terms of payment of the last mentioned agreement he tendered to plaintiff the first installment of $200.00, but that plaintiff refused to accept same, as shown by the letter of Messrs. Cobb, Campbell and Kelley under date of August 22, 1939, a copy of which is attached hereto and by reference thereto made a part hereof;

"Affiant alleges that he has at all times herein mentioned, and is now ready, able and willing to comply with and carry out all of the terms of said last mentioned agreement, both as to the security and as to the payments to be made thereunder; and further alleges that said agreement is not in default insofar as he is concerned; affiant denies that he ever, at any time, asked or requested plaintiff or any of its officers for a conference to be had toward working out a form of payment of said account;

"Affiant alleges that plaintiff has not complied with the provisions of said agreement, or the last mentioned previous agreement, and that plaintiff has attempted to breach and repudiate the same, and has breached and repudiated the same."

As corroborative of the credit arrangement of July 13, 1939, defendant also filed the affidavit of N. Fisher who was present at the conference on that date. It also appears that on July 13, 1939, defendant wrote to plaintiff with reference to the agreement of that date. Defendant sent a check for $200 to plaintiff which plaintiff's counsel returned on August 22, 1939, for the reason "that you (defendant) make the same conditional upon the same being under some agreement which Eagle Oil & Refining Company, Inc. *dispute as having ever been entered into."* (Emphasis added.)

Although it may well be argued that defendant's affidavits could have been more carefully drawn, we are satisfied that under the rule of liberal construction they establish the existence of factual issues existing between plaintiff and defendant which must be determined at a trial. It is not necessary on this appeal to discuss all of the factual issues that may have been shown to exist, inasmuch as it is clear that at least one was presented which would constitute a defense to plaintiff's action.

Defendant asserts that an agreement was made on July 13, 1939, whereby the account between him and plaintiff would be discharged in monthly installments of $200 a month commencing on August 15, 1939, and that security would be given

by the defendant for the payment thereof. Plaintiff commenced its action on July 25, 1939, three weeks before the first payment would become due. The consideration received by plaintiff for its agreement to accept payment on a time basis was the agreement by defendant to give security for the payments. Defendant suffered a detriment thereby inasmuch as he was not compelled to give such security. Defendant states in his affidavit that he has performed the agreement. It is obvious that such an agreement if established would be a defense to plaintiff's action as there would be no debt due when the action was commenced. There is therefore presented a triable issue of fact, a defense on the merits to plaintiff's action based upon the existence of that agreement.

Plaintiff refers to the defendant's pleadings as being insufficient to raise that agreement as a defense. In his verified answer defendant alleged: "Furthermore, that on July 13, 1939, plaintiff entered into a further agreement with defendant, respecting the payment of any sum owing plaintiff by defendant, that one of the requirements of said agreement was the payment to plaintiff by defendant of the minimum sum of Two Hundred ($200.00) Dollars per month. Furthermore defendant alleges that all such payment or payments which are now due to plaintiff on this agreement have been paid." In the procedure here involved a liberal construction must be given to the pleadings as well as the affidavits of the party against whom the motion is made, both being given attention. Plaintiff did not demur to the answer. It is not the purpose of the procedure under section 437c to test the sufficiency of the pleadings. It is stated in *Kelly* v. *Liddicoat*, 35 Cal. App. (2d) 559, 562 [96 Pac. (2d) 186]:

" '. . . That section provides an entirely new procedure, as far as the codes of our state are concerned, the purpose of which is to eliminate all issues which have no basis in fact, no matter how well they may be pleaded in form. Under it, an answer may be stricken out, even though a perfect defense may be stated therein, unless the defendant by his affidavits shows facts to substantiate the defense.' And in *Perlman* v. *Perlman*, 235 App. Div. 313 [257 N. Y. Supp. 48, 50], the court, expressing the same thought conversely, said with respect to summary judgments: 'Even though the pleading itself be deemed insufficient, the motion must be denied if the affidavits show facts sufficient to constitute a defense entitling the pleader to defend. *Curry* v. *Mackenzie*, 239 N. Y.

267 [146 N. E. 375] . . .' " The same remarks are true with respect to the asserted negative pregnant in defendant's denial of the indebtedness pleaded in the second count in plaintiff's complaint.

██ Plaintiff asserts that defendant's affidavits contain nothing but conclusions of fact and law and are thus insufficient. As we have seen it is not necessary that the averments be rigidly restricted to evidentiary matter. It may be that some of the allegations or statements are somewhat in the nature of conclusions, but we are satisfied that facts within the knowledge of the affiants and to which they are competent to testify, are set forth with sufficient particularity, and from which it appears that a bona fide defense to the action exists. This is especially true when we are mindful of the rule of liberal construction applicable to cases of this character.

It is also suggested that the letter, to which reference has heretofore been made, written by defendant to plaintiff on July 3, 1939, shows that plaintiff did not regard the mortgage as being given to secure the account or that credit had been thereby extended, as no mention was made of those circumstances. But even if that were true, it still leaves a triable issue as to the existence of the later agreement of July 13, 1939. Furthermore, those matters are merely instances of a conflict in the evidence to be resolved in determining the issues, and not on the proposition of whether in truth an issue of fact exists.

Plaintiff also claims that defendant's affidavit alleging the agreement of July 13, 1939, shows nothing more than an offer by defendant to give security for the account in return for the right to pay it in monthly installments, but it is apparent from defendant's affidavits that an agreement was entered into which was accepted by, and was therefore binding upon plaintiff. Since on the motion for a summary judgment the facts alleged in his affidavits must be accepted as true, it cannot be said that defendant has not interposed a meritorious defense to the action.

Unless the procedure under section 437c of the Code of Civil Procedure is given a much broader scope than is contemplated or justified, the circumstances here present do not furnish a proper case for the application of that section.

The judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Houser, J., and Traynor, J., concurred.