## Appellate Department, Superior Court, Fresno

[Civ. A. No. 69.   Sept. 17, 1959.]

DISPLAY ADVERTISING COMPANY, INC. (a Corporation), Respondent, v. W. J. IRION et al., Appellants.

Leonard C. Hall, Jr., for Appellants.

Ralph Robinson and Charles W. Edwards for Respondent.

CONLEY, P. J.—This is an appeal from a judgment for plaintiff entered after the granting of a motion for summary judgment. The complaint alleges that William P. Richmond and W. J. Irion, copartners, doing business under the firm name and style of City Water Softener, by a written contract, ordered from the plaintiff, 10,000 3 inch by 4 inch decals for a total price of $490; that plaintiff manufactured said decals and attempted to deliver them to defendants on the 14th day of October, 1958, but that the defendants refused to accept them.

The answer filed by defendants pursuant to the provisions of section 437b of the Code of Civil Procedure, denied all of the allegations of the complaint.

Thereafter, the plaintiff filed a motion for summary judgment based on an affidavit made by V. Cassimus, secretary-treasurer of the plaintiff corporation; attached to the affidavit is a photostatic copy of the order for the decals. It is alleged in the affidavit:

"The corporation under the direction of your client (sic) manufactured the decals in accordance with the order and shipped them to the defendant by way of Valley Motor Lines on or about October 10, 1958, and the said defendants refused the shipment."

"That the Summons and Complaint were served upon the defendants on the 29th day of December, 1958, as shown by the return on the Summons and a day or two thereafter one of the defendants, which one your affiant is not certain of, called affiant on the telephone and admitted that they were liable on the account and tried to work out a settlement thereof at a discount."

The photostatic copy of the order or contract attached to the affidavit contains, among other things, a provision as follows:

"Submit Sketches for approval! Please Rush!"

The affidavit in opposition to the motion for summary judgment is sworn to by the two defendants, William Richmond and W. J. Irion. They state that all of the negotiations which affiants had with plaintiff were conducted through plaintiff's agent, L. L. Laumaster, and that they never had any dealings with V. Cassimus, secretary-treasurer of plaintiff, and consequently that the latter had no personal knowledge of the

transactions "sufficient to found an affidavit for Summary Judgment under the provisions of the Code of Civil Procedure Sec. 437c." Both affiants specifically deny they ever admitted liability for the sum claimed by plaintiff. The affidavit continues:

"That in accordance with the wishes of defendants, plaintiff was, as is shown by plaintiff's copy of the Order placed by defendants which is attached to plaintiff's Motion for Summary Judgment, required to submit to defendants sketches of any decals which were to be approved by them before any performance was made. No such sketches were ever submitted to defendants for their approval and such performance is not even pleaded by plaintiff herein."

It is well established that in connection with a motion for summary judgment, "The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case." *Eagle Oil & Refining Co.* v. *Prentice*, 19 Cal.2d 553, 555 [122 P.2d 264].

The affidavit of the moving party is to be strictly construed, and the affidavit of its opponent liberally construed. *McComsey* v. *Leaf*, 36 Cal.App.2d 132, 139 [97 P.2d 242].

Under the denial in their answer, the appellants would have been entitled to prove that a condition precedent to the completion of a sale (namely, the submission of sketches for approval) had not been performed by the plaintiff. Such proof would have constituted a complete defense to the claim, and thus an issue was presented by the conflicting affidavits which should have been resolved by a trial of the case in the usual manner instead of by motion for summary judgment. Furthermore, a subsidiary issue of fact which need not have been determinative of the case, was also raised by a conflict in the affidavits: the secretary-treasurer of the plaintiff in his affidavit, stated that one of the defendants had admitted liability to him in a telephone conversation after the service of the summons and complaint, but this was flatly denied by both of the defendants in their affidavit.

The conclusion is inescapable that the trial court should have denied the motion for summary judgment. Accordingly, the judgment is reversed with directions to deny the motion and proceed with the trial.

Popovich, J., and Goldstein, J., concurred.