■ JAMES O. GENT, Appellant, v. MIDTOWN HOLDINGS CORP., Respondent. — Judgment unanimously reversed, without costs of this appeal to either party, and the defendant's motion for summary judgment denied, without costs. The defendant's motion for judgment on the pleadings granted, without costs, with leave to the plaintiff to serve an amended complaint within 20 days after the service of a copy of the order herein. Memorandum: According to the allegations of the complaint, the former owners of the premises had promised to pay the plaintiff an additional commission of 5% of the renewal rental, in the event that the tenant, which had been procured by the plaintiff, exercised its option to renew its lease for an additional term of five years. Subsequently, the premises were conveyed to the defendant corporation which, according to the uncontroverted allegations of the complaint, assumed all the obligations of the former owners under their agreement with the plaintiff. More than one year before the time specified for the exercise of the option, the defendant entered into an agreement with the tenant under which the defendant paid the tenant $125,000 in consideration of its canceling its lease and the option therein

contained. This action was brought to recover the commissions which would have been payable upon a renewal of the lease. The plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice and the defendant cross-moved for judgment on the pleadings under rule 112 and for summary judgment under rule 113. The Special Term granted summary judgment in favor of the defendant. In our opinion, the case should not have been disposed of by summary judgment. The plaintiff may be able to recover upon the ground that performance of the condition precedent, the renewal of the lease by the tenant, was excused by the defendant's conduct. If it appears upon the trial that the tenant was satisfied with the premises and that the tenant would have exercised its option to renew the lease, if it had not been induced by the defendant to cancel its lease and option, the plaintiff may be entitled to recover the promised commission. "If a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure * * * 'It is a well-settled and salutary rule that a party cannot insist upon a condition precedent, when its non-performance has been caused by himself.' (*Young* v. *Hunter,* 6 N. Y. 203.)" (*Amies* v. *Wesnofske,* 255 N. Y. 156, 162–163; see, also, *Stern* v. *Gepo Realty Corp.,* 289 N. Y. 274; Restatement, Contracts, §§ 295, 315; 3 Williston, Contracts [rev. ed.], § 677, p. 1952; 10 New York Juris., Contract, § 381.) Of course, if it appears that the tenant would not have renewed the lease in any event, the plaintiff will not be entitled to recover (Restatement, Contracts, § 315, subd. [2]; 3 Williston, Contracts [rev. ed.], p. 1954). The complaint is deficient in that it fails to allege that the tenant would have renewed the lease if it had not been for the defendant's act in procuring a cancellation of the lease and option, but a summary judgment may not be granted because of a deficiency in a pleading, if it appears that, in the factual situation presented by the papers, the deficiency could properly be supplied by amendment (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Perlman* v. *Perlman,* 235 App. Div. 313; *Frankenheim* v. *Altman & Co.,* 1 A D 2d 200; 5 Carmody-Wait, New York Practice, pp. 140–141). Therefore, the granting of summary judgment in favor of the defendant finally disposing of the case was improper. However, the defendant's motion for judgment on the pleadings under rule 112 should have been granted, with leave to the plaintiff to serve an amended complaint. (Appeal from judgment of Monroe Special Term awarding defendant summary judgment on its cross motion to dismiss plaintiff's complaint, in an action for real estate commissions. The order on which judgment was entered also denied plaintiff's motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.