[Civ. No. 25529. Second Dist., Div. Four. Oct. 10, 1962.]

LUTHER S. MALONE, Plaintiff and Appellant, v. HOMER CAMPBELL JONES, Defendant and Respondent.

HOMER JONES, Plaintiff and Respondent, v. LUTHER S. MALONE, Defendant and Appellant.

(Consolidated Cases.)

Herbert Hafif for Appellant.

Ben T. Kayashima for Respondent.

BURKE, P. J.—This is an appeal from judgments entered granting motions for summary judgment in two separate cases which were consolidated in the trial court.

In the first action Luther S. Malone (Malone) sued Homer Campbell.Jones (Jones) for breach of contract and for fraud. The second action was a complaint for money brought by Jones against Malone.

The two men were partners in a sewer business which involved two basic divisions in operations: one, the construction of septic tanks, cesspools and sewers, termed the "construction segment"; the other involved the pumping out and servicing of septic tanks and cesspools, termed the "pumping segment."

The parties dissolved their partnership approximately 14 months prior to the commencement of these actions, with the "construction segment" going to Malone and the "pumping segment" to Jones.

As partial consideration for obtaining the more valuable part of the operation, Malone gave Jones credit for $23,000[1] worth of materials and inventories and purchased the following aspects of the "construction segment" for $25,000:

1. the going concern value;

2. the right to all referrals from the "pumping segment" of the business; and

3. Jones' covenant not to compete with the "construction segment" of the business within a 50-mile radius of Pomona for a period of 18 months.

Within 30 days Malone paid Jones $8,000 as a down payment for his part of the business and agreed to pay the balance of $17,000 in six equal installments evidenced by a non-interest-bearing promissory note. At the time Malone filed his complaint in his action for breach of contract and for fraud, he had paid Jones nearly $14,000 for the "con-

[1]For simplicity the figures given are approximate only.

struction segment'' of the business, together with other rights described above.

In May of 1960, prior to the 18-month period having expired, Jones placed in the classified section of the telephone directory in the Pomona area an advertisement reading in part as follows: ''New septic tank-cesspool and sewer installations and repairs.''

In the period since the partnership dissolution agreement was executed Jones referred four or five ''construction segment'' jobs to Malone. Malone contends that this is an unreasonably low number of referrals inasmuch as his experience in the ''pumping segment'' of the business was that on the average one construction or repair job arose out of every four or five pumping jobs and that Jones had done approximately four or five pumping jobs per day during the period from the date of the agreement to the date of suit.

Malone's first cause of action was based upon Jones' alleged breach of the covenants to refer construction jobs to him and not to compete. Malone's second cause of action was based upon fraud.

Jones' cause of action was for a money judgment for the balance due on the promissory note.

After demurrers were sustained twice to each cause of action alleged by Malone in his complaint, motions for summary judgment were granted in Jones' favor in the breach of contract and fraud actions and in the action for money.

On appeal Malone claims that triable issues of fact existed as disclosed by his counteraffidavits and that the trial court's ruling on the motions for summary judgment denied him his day in court and was therefore reversible error.

Jones claims that Malone's alleged causes of action are so lacking in merit that his complaint amounts to a sham.

Motions for summary judgment are provided for in section 437c of the Code of Civil Procedure. The principles to be observed in proceeding under that section are stated as follows in *Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 555-556 [122 P.2d 264] : ''The issue to be determined by the trial court in consideration of a motion [for summary judgment] is whether or not [the party opposing the motion] has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citations.] . . . 
Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by

jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the [party opposing the motion] should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

"... . . . . . . . . .

■ "For these reasons . . . affidavits of the moving party . . . should be strictly construed and those of his opponent liberally construed. [Citations.] . . . ■ [T]he better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. [Citation.]"

Construing the counteraffidavits in the instant case liberally, Malone establishes the existence of triable issues of fact. If the allegations therein are true they would provide Malone with a basis for a cause of action for breach of contract. They would also serve as a defense to Jones' cause of action for money due on the purchase-money promissory note.

■ As pointed out in *Eagle Oil & Refining Co.* v. *Prentice, supra,* 19 Cal.2d 553, 555, it is not the function of this court to determine these issues; we need only determine the existence of triable issues of fact.

The judgments are reversed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.