[Civ. No. 31274.   Second Dist., Div. Four.   Mar. 27, 1968.]

THEODORA FISHER, Plaintiff and Respondent, v. CHARLES L. CHEESEMAN, JR., Defendant and Appellant.

Ellis J. Horvitz and Robert S. Cogen for Defendant and Appellant.

Gabler, High & Clark and Jack B. Clark for Plaintiff and Respondent.

BISHOP, J. pro tem.*—Defendant Cheeseman appealed from the summary judgment entered against him upon plaintiff's motion. We are reversing the judgment.

The complaint alleged the making of a promissory note on April 20, 1959, whereby defendant Cheeseman and the two other defendants promised to pay Florence May $43,500 in monthly installments of $300. Default in a monthly payment

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

would render the entire balance due, at the option of the holder. The present plaintiff became the holder on the first day of July 1961, at which times several monthly payments were allegedly in default, $37,800 remaining unpaid. That is the sum, plus interest and attorney fees, for which plaintiff sought and obtained judgment.

An answer was filed by defendant Cheeseman, in which he denied that any sum remained due and unpaid, although he admitted that he had not made any of the payments alleged to be delinquent. The denial is not surprising in view of his affirmative defense, which was that in July of 1960, Florence May and he had entered into an oral agreement ''that the Corporation would substitute itself as the maker on the note for the sum of Forty Three Thousand Five Hundred Dollars ($43,500.00) ; that the Corporation would make the payments called for; that the makers on said note of $43,500.00 would be fully released as of that time.'' In his answer Cheeseman further alleged: ''that the Corporation did substitute itself as new makers on the $43,500.00 note and did make payments on same until January 1, 1961; that the original makers on the $43,500.00 note were released; that all of the above were accepted by the assignor.''

Challenged by this answer the plaintiff gave notice that she would move to have defendant Cheeseman's answer stricken and a summary judgment entered. As already indicated, the motion was granted and a judgment entered awarding plaintiff $37,800 plus interest against defendant Cheeseman.

In *Eagle Oil & Refining Co., Inc.* v. *Prentice* (1942) 19 Cal.2d 553, 555-556 [122 P.2d 264, 265], our Supreme Court pronounced several principles governing the summary judgment procedure. It stated: ██ ''The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. [Citation.]'' Earlier it had cited many cases in support of its declaration:

██ ''At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine itself, that is, the true facts in the case. [Citations.]''

Later the opinion continues: ██ ''[T]he affidavits of

the moving party, the plaintiff in this case, should be strictly construed and those of his opponent liberally construed. [Citations.]'' Another principle should be kept in mind, one contained in section 437c, Code of Civil Procedure itself: ''The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff . . . to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, . . . and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto.'' Note: That which is required is not a sworn statement that the affiant *would so testify, but a showing that he can competently do so.*

Turning now to the affidavits offered by the plaintiff in support of her claim for $37,500, we find her assignor swearing that she assigned the note in question to the plaintiff on July 1, 1961, but still retains possession of it. That the monthly $300 payment due January 1, 1961, was not paid, and no other amount has been paid. Her affidavit does not *show* that she knows what may have happened after she assigned the note; her fellow signers may have paid the assignee regularly, after the assignment, and she not know of it.

A similar situation exists with respect to the other affidavit, which was made by the assignors' attorney Jack B. Clark. He swore that on July 1, 1961, at the time of the assignment, the plaintiff was his legal secretary and ''that no payments whatsoever were ever made to the said Theodora Fisher on account of said promissory note by the defendants or by anyone else.'' Is it affirmatively shown that he could competently so testify? No. There is no rule of law that a former employer of a legal secretary is for that reason competent to testify as to payments or nonpayments, that are made to her. In the affidavits filed in support of plaintiff's motion for a summary judgment, there is no such showing, as the code section requires, that the balance claimed due on the note has not been paid in full.

The affidavit in opposition to plaintiff's motion did not serve to supplement her affidavits at the point of their deficiency, nor did it contradict the answer of its maker when, as the defendant, he denied the allegations of the complaint that the sums due on the note had not been paid. The main purpose, in his affidavit, was to present the special defense of novation, his contention that a corporation had been substituted as the one obligated to pay the note in question, releasing the defendants of their obligation. That which would be

an essential step in any such novation, the assumption of the corporation of the obligation, is not established, but the maker of the affidavit was the president of the corporation, and he swears: "The corporation did assume the new obligations . . . it substituted itself in my place, and the corporation made the required payments until it, in turn became delinquent." Giving the defense affidavit the liberal construction due it, and realizing that all it need do is demonstrate that there is an issue of fact to be determined—this suffices to defeat plaintiff's motion.

The summary judgment is reversed.

Jefferson, Acting P. J., and Kingsley, J., concurred.