Filed 9/22/21  Silva v. Warren Resources of Cal. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| ALEJANDRO SILVA, | B302669 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC578022) |
| WARREN RESOURCES OF CALIFORNIA, INC., | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Deirdre Hill, Judge.  Affirmed.

Law Offices of Benjamin P. Wasserman and Benjamin P. Wasserman for Plaintiff and Appellant.

Grimm, Vranjes & Greer, Gregory D. Stephan and Jonathan Benner for Defendant and Respondent.

Plaintiff and appellant Alejandro Silva (plaintiff) appeals the summary judgment entered in favor of defendant and respondent Warren Resources of California, Inc. (Warren California), in this action concerning injuries plaintiff sustained while working at an oil well site in Wilmington, California (the property).  The undisputed evidence shows that Warren California did not control, operate, or manage the property, and plaintiff fails to raise a triable issue of fact as to whether Warren California breached any duty of care owed to him.  We therefore affirm the judgment.

## FACTUAL BACKGROUND

Plaintiff was injured on April 8, 2018, while Warren E&P, Inc. (Warren E&P) was flushing an abandoned pipeline on the property.  Plaintiff and his supervisors were employees of Warren E&P at the time of the incident.  Warren E&P provided workers' compensation insurance coverage for its employees, and plaintiff received workers' compensation insurance benefits for the injuries he sustained during the April 8, 2018 incident.

Warren E&P and Warren California are both wholly owned subsidiaries of a parent company named Warren Resources, Inc. (WRI).  Warren E&P and Warren California hold a 1 percent and a 99 percent ownership interest, respectively, in the property.  Warren E&P operates, maintains, and manages the property.  Warren California does not operate, maintain, or manage the property and has no control over the policies, operations, or facilities on the property.  Warren California was not involved with the work performed on the property on April 8, 2018, by Warren E&P, plaintiff, or by any other party.

2

## PROCEDURAL BACKGROUND

Plaintiff commenced this action against Warren California for negligence and premises liability.[1] Warren California moved for summary judgment, arguing that the undisputed facts showed that it did not maintain, manage, or operate the property and did not direct, supervise, control, or have any involvement with the work being performed on the property at the time of plaintiff's accident. The summary judgment motion was supported by a statement of undisputed material facts, declarations by a WRI officer and a manager for Warren E&P, plaintiff's deposition testimony, and other documentary evidence.

Plaintiff opposed the summary judgment motion, arguing, among other things, that Warren California had a nondelegable duty to maintain the property in a safe condition and was jointly and severally liable for his injuries under the single business enterprise doctrine. Plaintiff's opposition was supported by a separate statement of material facts; his own declaration; and the declaration of his attorney, Benjamin Wasserman. Warren California filed a reply to plaintiff's opposition and evidentiary objections to Wasserman's declaration.

The trial court sustained all of Warren California's evidentiary objections and granted the summary judgment motion. Judgment was subsequently entered in defendant's favor, and this appeal followed.

---

[1] Plaintiff also sued two contractors who were working with Warren E&P at the time of the accident.

**DISCUSSION**

## I. Standard of review

Summary judgment is granted when a moving party establishes the right to entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the initial burden of proving there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Cucuzza v. City of Santa Clara* (2002) 104 Cal.App.4th 1031, 1037.) Once the defendant has made such a showing, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).) If the plaintiff does not make such a showing, summary judgment in favor of the defendant is appropriate. In order to obtain a summary judgment, "all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action . . . . [T]he defendant need not himself conclusively negate any such element . . . ." (*Id.* at p. 853, fn. omitted.) We review the trial court's grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348; see Code Civ. Proc., § 437c, subd. (c).)

The California Supreme Court in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535, left open the question as to whether a trial court's ruling on objections to evidence supporting or opposing a summary judgment motion should be reviewed de novo or for an

4

abuse of discretion. Appellate courts are divided on this issue. (Compare *Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 852 [applying abuse of discretion standard] with *Pipitone v. Williams* (2016) 244 Cal.App.4th 1437, 1451 [de novo review].) The weight of authority, however, supports an abuse of discretion standard of review (see, e.g., *Serri*, at p. 852; *Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694; *Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1169), and we apply that standard here.

## II. Negligence and premises liability

The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917-918.) The elements of a cause of action for premises liability are the same as those for negligence. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205; see Civ. Code, § 1714, subd. (a).)

Premises liability """is grounded in the possession of the premises and the attendant right to control and manage the premises.""" (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158.) "In premises liability cases, summary judgment may properly be granted where a defendant unequivocally establishes its lack of ownership, possession, or control of the property alleged to be in a dangerous or defective condition." (*Gray v. America West Airlines, Inc.* (1989) 209 Cal.App.3d 76, 81 (*Gray*).) The right to control the premises is at "'the very heart of the ascription of tortious responsibility'" justifying the notion of premises liability. (*Sprecher v. Adamson Companies* (1981) 30 Cal.3d 358, 369.) "Without the 'crucial element' of control over the subject premises [citation], no duty to exercise reasonable

5

care to prevent injury on such property can be found." (*Gray*, at p. 81.) "The law does not impose responsibility where there is no duty because of the absence of a right to control." (*Cody F. v. Falletti* (2001) 92 Cal.App.4th 1232, 1241 (*Cody F.*).)

It is undisputed that Warren California had no control over the property, did not maintain, manage, or operate the property, and did not direct, supervise, control, or have any involvement with the work being performed on the property at the time of plaintiff's injury. Summary judgment was therefore properly granted in Warren California's favor. (*Gray, supra*, 209 Cal.App.3d at p. 81; see *Cody F., supra*, 92 Cal.App.4th at p. 1241.)

*Williams v. Fairhaven Cemetery Assn.* (1959) 52 Cal.2d 135, a case factually similar to this one, is instructive. In *Williams*, a hotel property was owned by a nonprofit association, Fairhaven Cemetery Association, but operated, maintained, and managed by a separate corporation named Santora Company. (*Id.* at p. 137.) Fairhaven exercised no control over the management and maintenance of the hotel. Santora's employees operated the property, and Santora provided workers' compensation insurance for its employees. (*Ibid.*) Williams, a Santora employee, was injured while working at the property when a boiler exploded near him. Another Santora employee had closed some valves the previous day, causing pressure to build in the boiler and the resulting explosion. (*Id.* at p. 138.) The California Supreme Court held that Fairhaven was entitled to a directed verdict in its favor, based on the absence of control: "The uncontradicted evidence is that Santora operated and maintained the hotel, hired and discharged the employees, repaired the premises, installed and paid for replacements in the equipment, kept the

6

records, maintained the insurance, and did all things necessary to keep up the premises. There is a total absence of any evidence that defendant took possession of the hotel or interfered with the control of the premises by Santora in any manner whatever." (*Id.* at p. 139.)

Here, as in *Williams*, the undisputed evidence shows that Warren California does not operate, maintain, or manage the property; has no control over the policies and operations of the property or the facilities located thereon; and did not direct, supervise, control, or have any involvement with the work being performed at the time of plaintiff's accident.

*Gigax v. Ralston Purina Co.* (1982) 136 Cal.App.3d 591 (*Gigax*), on which plaintiff relies, is inapposite. The plaintiff in that case, an employee of Van Camp Seafood Company (Van Camp), was injured while cleaning a nonoperating hydraulic conveyer belt machine designed and manufactured by the defendant, Ralston Purina Company (Ralston). After obtaining a workers' compensation award against Van Camp, the plaintiff sued Ralston as a third party tortfeasor based on theories of product liability, negligence, and wanton and reckless conduct. (*Id.* at p. 594.)

Ralston moved for summary judgment, claiming to be the plaintiff's statutory employer, and as such, immune from tort liability under the exclusive remedy provisions of the workers' compensation law. Ralston claimed to have acquired Van Camp's assets in a stock transaction. Ralston further claimed that Van Camp was a division of Ralston and not a separate corporate entity. (*Gigax, supra*, 136 Cal.App.3d at pp. 594-595.) Ralston provided no evidence, however, concerning Van Camp's corporate status, and the nature of Ralston's control over Van Camp after

7

the stock acquisition remained unclear at the time of the summary judgment motion. (*Id*. at p. 595.) The evidence presented to the trial court, on the other hand, showed that Van Camp was "a corporation totally separate and distinct, in location, function and identity" from Ralston. (*Id*. at p. 602.) That evidence, the court in *Gigax* concluded, precluded summary judgment: "[I]t is not the name given by a public relations office to a business entity or the misty legal metaphor which determines Ralston's status as employer. . . . It is the substance, the hard realities, that are to determine whether one corporation is in fact separate and distinct and therefore under our statutory scheme, not the employer for workers' compensation law purposes. To dispose of this case by simply accepting the label affixed to Van Camp as a 'division' and thereby determine that Ralston is [the plaintiff's] employer is to merely restate the question rather than to answer it." (*Id*. at pp. 606-607.)

Here, in contrast, it is undisputed that Warren E&P, and not Warren California, was plaintiff's statutory and corporate employer. It is also undisputed that Warren E&P and Warren California are separate and distinct corporate entities; and that Warren California did not operate, maintain, or manage the property or the facilities located thereon; and did not direct, supervise, control, or have any involvement with the work being performed at the time of plaintiff's accident. Plaintiff purports to demonstrate the existence of a triable dispute as to these matters; however, he provides no evidence or "specific facts" creating such a dispute. (§ 473c, subd. (p)(2).) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable

8

standard of proof." (*Aguilar, supra*, 25 Cal.4th at p. 850.) Unlike *Gigax*, there was no evidence of any independent act of negligence by Warren California in this case. There was no evidence that Warren California designed, manufactured, controlled, or operated the pipeline facilities on the property.

*Miller v. King* (1993) 19 Cal.App.4th 1732 (*Miller*), also cited by plaintiff, is equally inapposite. The plaintiff in *Miller* was injured when she slipped and fell at a restaurant where she was employed as a waitress. The restaurant was owned by a corporation from which she received workers' compensation benefits. The plaintiff brought a premises liability action against the individual defendants who owned the property on which the restaurant operated. The defendants, who were also shareholders of the corporation that owned the restaurant, moved for summary judgment, arguing that the action against them was barred by Labor Code section 3602, which precludes actions at law against employers who occupy a dual capacity. That statute bars an action for premises liability when the property on which the accident occurred was owned by the employer. The court in *Miller* held the dual capacity doctrine did not apply because the plaintiff was not employed by the individual property owners, but by a corporation. The property owners' status as shareholders of the corporation did not make them employers. (*Miller*, at p. 1735.) Warren California does not claim to be plaintiff's employer and does not seek immunity under the dual capacity provisions of Labor Code section 3602. *Miller* accordingly is inapposite.

Plaintiff failed to raise any triable issue of material fact as to whether Warren California breached any duty of care owed to

9

him.  Summary judgment was properly granted in Warren California's favor.

## III.  Evidentiary rulings

The record discloses no abuse of discretion in the trial court's evidentiary rulings.  Declarations in summary judgment proceedings must set forth admissible evidence as to which the declarant is competent to testify on personal knowledge, not legal conclusions or speculation without foundation.  (§ 437c, subd. (d).) A declaration that is not based on personal knowledge or states legal conclusions without evidentiary facts must be disregarded. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1119-1120 (*Guthrey*).)

The trial court properly sustained evidentiary objections to statements in plaintiff's counsel's declaration concerning the purported integrated corporate structure and operations of Warren E&P, WRI, and Warren California and the purported absence of safety pressure gauges on the pipeline being cleared by Warren E&P.  Plaintiff fails to establish that his counsel has personal knowledge concerning these matters and fails to provide any evidentiary facts to support these statements.  The balance of the declaration contains legal conclusions that are not admissible evidence.  The declaration states, for example, that "under Civil Code § 1714(a), everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by this want of ordinary care or skill in the management of his property . . ." and "[t]hat California law holds that the alter ego theory cannot be used as a shield by a defendant to exonerate itself from liability."  The trial court's evidentiary rulings excluding counsel's legal conclusions, unsupported by evidentiary

10

facts, was not an abuse of discretion.  (*Guthrey, supra*, 63 Cal.App.4th at pp. 1119-1120.)

*Eagle Oil & Ref. Co. v. Prentice* (1942) 19 Cal.2d 553, which states that a declaration opposing summary judgment should be liberally construed, does not allow courts to relax the rules of evidence when determining the admissibility of an opposing declaration.  Only admissible evidence may be considered when determining whether a triable issue exists.  (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761; *Overland Plumbing, Inc. v. Transamerica Ins. Co.* (1981) 119 Cal.App.3d 476, 483-484.)

## DISPOSITION

The judgment is affirmed.  Warren California is awarded its costs on appeal.

_____
CHAVEZ, J.

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____
HOFFSTADT, J.

11