[Civ. No. 11846.   First Dist., Div. Two.   Nov. 25, 1941.]

ELIZABETH JOHNSTON, Respondent, v. AMEDEE JOHNSTON et al., Defendants; MARIE JOHNSTON, Appellant.

Joseph E. Isaacs and Alan H. Critcher for Appellant.

Edmund J. Holl for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to real property. She joined as defendants her son Amedee B. Johnston, her daughter Susan Carolyn Dodd, and Marie Johnston, the divorced wife of Amedee. The first two defendants filed disclaimers, and Marie Johnston alone contested the action and now appeals from the judgment adverse to her.

The controversy relates to a building containing three apartments which the plaintiff acquired in 1924 by means of a trade of other premises which she had acquired in her own right as a widow many years before. The appellant claims some indefinite community interest in the premises. When the apartment house was purchased the plaintiff had the deed run to herself, her daughter, Susan, and her son Amedee. The plaintiff, her daughter and Mr. Dodd moved into one of the apartments, Amedee and his wife occupied another, and a third was rented to parties outside of the family. During the time of his occupancy of this apartment Amedee paid to his mother $45 a month as rental. Susan Dodd and her husband paid the same rental for the apartment which they occupied. Amedee and his wife moved to a place in the town of El Verano, and from that time no further sums were paid by him on account of the premises here in litigation. At about the time of the purchase of the apartment house the plaintiff made a voluntary gift of $1000 each to Mrs. Dodd and to Amedee. After their removal to the town of El Verano the appellant herein started proceedings for a divorce against Amedee and an interlocutory decree of divorce was entered prior to the trial of this action. In that proceeding the trial court found that the parties had a community interest in some household furniture and a one-story bungalow in the town of El Verano, and the wife

was awarded the sum of $500 in lieu of all her right to any alimony, and to any interest in the community property. This decree was affirmed on appeal. (*Johnston* v. *Johnston,* 33 Cal. App. (2d) 90 [91 Pac. (2d) 142].)

During the course of her testimony in the case before us the appellant stated that her husband told her in the presence of the plaintiff and Mrs. Dodd that she was to have a community interest in his share of the apartment house site. This conversation was denied by the plaintiff and by Mrs. Dodd, and then the husband was called to the stand and, over the objection of appellant, was permitted to make the same denial. On cross-examination this witness testified that he had at his home an account book which showed the money taken in and paid out on account of the operations of the apartment house and that this book was in the handwriting of his former wife. Demand was thereupon made for continuance of the trial in order to have this book produced in evidence, and this demand was denied upon the ground that it did not appear that the account book would disclose anything in relation to the question of community interest or that the defendant "could discover anything from the account."

On this appeal the appellant states three "questions involved": (1) insufficiency of the evidence to support the finding that she had no interest in the premises; (2) that the trial court erred in permitting her husband to be sworn and examined; (3) that the trial court abused its discretion in refusing a continuance for the purpose of producing the account book.

The first point presented is not supported by the printing of, or reference to, any evidence of any character relating to the interest of the wife in the premises. The respondent has printed and referred to ample evidence to support the finding on this issue, sufficient of which we have referred to in the foregoing statement of facts. Section 953c of the Code of Civil Procedure requires the parties to print in their briefs, or in a supplement appended thereto, such portions of the record as they wish to call to the attention of the court. When the point raised on appeal is that the evidence is insufficient to support a particular finding and no part of the evidence is printed or referred to, the court may assume that facts cited by respondent in support of

the finding were proved by competent evidence. (1 Cal. Jur. Ten-Year Supp., pp. 415 et seq.)

█ The question of the capacity of a husband to be sworn and examined as a witness adverse to the interests of his wife under circumstances such as are presented here need not be decided. The only evidence given by the husband which might have affected the interests of the wife was his denial of her testimony relating to a conversation in which he was said to have told her that she would have some community interest in the property. This testimony was already denied by two other competent witnesses. The testimony itself was so uncertain and equivocal that it could not have been used to support a finding of any certain community interest in the appellant. She had made no showing at any stage of the proceeding that her husband had any particular interest in or claim to the premises, but to the contrary had by her testimony supported the evidence of other witnesses that the only payments made by the husband out of his salary or other community funds went to the mother as rental for the apartment which they occupied, and that all these payments ceased immediately upon their removal to another home. The appellant has not shown and we are unable to perceive how she was prejudiced by any of the testimony of her husband, assuming that it was improperly admitted.

█ The argument that the trial court abused its discretion in refusing a continuance is without merit. The account book which she states she desired to produce was something with which she was fully familiar, having been kept in her own hand. She did not however take the stand or make any showing as to what it might contain or how it might have some bearing upon the trial of the issues. The continuance of a trial merely upon the assertion of one of the parties that he feels that he might be able to discover evidence favorable to him is not a matter of right. It is a matter which must be left to the discretion of the trial court and the appellate courts will not interfere with the exercise of that discretion except upon a clear showing that it has been abused.

The judgment is affirmed.

Sturtevant, J., and Dooling, J. *pro tem.*, concurred.