[Civ. No. 22146.   Second Dist., Div. Two.   July 3, 1957.]

ERNA E. LUDERS, Respondent, v. EMILIE M. PUMMER, Appellant.

Milton L. Most for Appellant.

Eric A. Rose and Albert D. White for Respondent.

FOX, J.—This is an appeal by defendant from a summary judgment.

Plaintiff brought this action to recover on a promissory note in favor of Harry Luders, plaintiff's husband, for $3,000 executed by defendant in May, 1955. In June, the payee, Harry Luders, assigned the note to himself and his wife, plaintiff herein, as joint tenants. In the following November, Harry Luders passed away and plaintiff thereupon became vested with title to said note. She filed suit on the note on April 5, 1956.

Defendant answered, setting up a counterclaim consisting of two items: (1) a promissory note for $1,000 dated July 5, 1952, executed by Harry Luders (and his former wife, Leona) in favor of Rudolf Pummer, husband of defendant; and (2) an agreement dated September 26, 1952, between Harry Luders and Rudolf Pummer, by which, inter alia, it is alleged that Luders agreed to pay Rudolf Pummer $2,500. Defendant alleged that on April 12, 1956, her husband, Rudolf, assigned the aforesaid note and the agreement to her, and that no payments had been made upon either of these obligations. She thus sought to offset these items against the note on which plaintiff sued. In this connection it should be noted that there is no contention that plaintiff is a holder in due course of the note.

Plaintiff made a motion for summary judgment, supporting it by her affidavit to which was attached a copy of the note

showing the assignment to her and her late husband as joint tenants, and further stating that he had passed on and that she thereby became the owner of the note.

Defendant and her husband Rudolf filed a joint affidavit in opposition to the motion. This affidavit asserted that Harry Luders, plaintiff's husband, was indebted to Rudolf Pummer, defendant's husband, in a substantial amount; also, that Harry Luders had loaned defendant $3,000 to apply on the purchase of a home. The affidavit further states that "Prior to May 23, 1955, affiants [the Pummers] agreed between themselves that any and all of the debts and obligations owed to Rudolf L. Pummer by Harry Luders would be their community property . . ." Defendant bases her counterclaim on her asserted community interest in these obligations and by reason of Rudolf's assignment, of his interest in them to her under date of April 12, 1956, which was seven days after plaintiff filed suit on the $3,000 note executed by defendant.

The trial court disallowed the counterclaim in its entirety, and accordingly rendered a summary judgment in plaintiff's favor for the amount of the note, interest and attorneys' fees.

■ The propriety of granting or denying a motion for summary judgment depends upon the affidavits that are filed. (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464]; *Kimber* v. *Jones,* 122 Cal.App.2d 914, 918 [265 P.2d 922]; *Poochigian* v. *Layne,* 120 Cal.App.2d 757, 760 [261 P.2d 738]; *McComsey* v. *Leaf,* 36 Cal.App.2d 132, 133 [97 P.2d 242].)

■ "Thus, in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. If it finds one, it is then powerless to proceed further," but must allow such issue to be tried in the usual way. "By an unbroken line of decision in this state . . . the principle has become well established that issue finding rather than issue determination is the pivot upon which the summary judgment law turns." (*Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62].) ■ It is also pertinent to note that "it is well settled that property may be converted into community property at any time by oral agreement between the spouses . . ." (*Tomaier* v. *Tomaier,* 23 Cal.2d 754, 757-758 [146 P.2d 905].) Section 368, Code of Civil Procedure, provides in part: "In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off, . . . existing at the time of, or before, notice of the assignment; . . ." ■ The decisions under

this section hold that the maker of a nonnegotiable instrument which has been assigned by the payee to a third person may setoff against such note an obligation of the payee which the maker has procured before notice of the assignment of the note. (*St. Louis Nat. Bank* v. *Gay,* 101 Cal. 286, 289 [35 P. 876]; *Harrison* v. *Adams,* 20 Cal.2d 646, 649 [128 P.2d 9]; *Highsmith* v. *Lair,* 44 Cal.2d 298, 303 [281 P.2d 865].) As stated in the last cited case, "[T]here is no room for the exercise of discretion upon this question. [Citations.] Actual notice is necessary to defeat this right." The application of these principles makes it clear that the judgment must be reversed.

■■ By the affidavit of the defendant and her husband, defendant raised a material factual issue relative to her community interest in the note and agreement which plaintiff's assignor had executed in favor of Rudolf. The affidavit was sufficient to make a prima facie showing of her asserted community interest in these obligations. (*Tomaier* v. *Tomaier, supra.*) The materiality of this issue is established by the provisions of section 368, Code of Civil Procedure, and the cases construing it cited *supra,* to the effect that an "action by the assignee is without prejudice to any setoff . . . existing at the time of, or before, notice of the assignment." Thus, if it is established that the defendant, prior to notice of any assignment, acquired a community interest in the note and agreement executed by the plaintiff's assignor and so became the owner of a half interest therein, she was entitled to set it up by way of counterclaim as a *pro tanto* reduction of plaintiff's claim. Since the affidavits raise this factual issue, plaintiff's motion for summary judgment should have been denied, for such a proceeding is not a trial upon the merits. (*Shea* v. *Leonis,* 29 Cal.App.2d 184, 187 [84 P.2d 277], and *Bank of America* v. *Casady,* 15 Cal.App.2d 163, 168 [59 P.2d 444].)

Plaintiff seeks to justify the action of the trial court in granting a summary judgment on the theory that defendant's counterclaim did not allege a community property interest in the note and agreement but instead relied upon an assignment from her husband on April 12, 1956, which was seven days after plaintiff filed her action, which served to give notice to defendant that plaintiff was the assignee and owner of the $3,000 note. ■ This argument is lacking in merit for, as previously pointed out, a summary judgment is to be decided on the basis of the affidavits and such relief is proper

"only where it is perfectly plain that there is no substantial issue to be tried." (*Walsh* v. *Walsh,* 18 Cal.2d 439, 442 [116 P.2d 62].) Our Supreme Court, in *Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 560 [122 P.2d 264], quoted with approval the following from *Perlman* v. *Perlman,* 235 App. Div. 313 [257 N.Y. Supp. 48, 50] with respect to summary judgments: " 'Even though the pleading itself be deemed insufficient, the motion must be denied if the affidavits show facts sufficient to constitute a defense entitling the pleader to defend.' " See to the same effect *Coyne* v. *Krempels,* 36 Cal.2d 257, 262 [223 P.2d 244]. Undoubtedly, an appropriate application to amend defendant's counterclaim at or prior to the trial would be viewed favorably by the trial court in the exercise of a reasonable discretion.

■ Since this case must proceed to trial, it is proper to point out that defendant is not entitled to set off her husband Rudolf's interest in the $1,000 note and agreement as he did not assign his interest in these obligations to defendant until after defendant had notice of plaintiff's assignment by reason of the suit that she had filed. (Code Civ. Proc., § 368.)

Defendant vainly argues that under the provisions of section 438, Code of Civil Procedure, she is entitled to include in her offset the interest in the obligations of plaintiff's assignor which her husband assigned to her after plaintiff filed her action. In support of her position she argues that the only requisites of a counterclaim under section 438 are (1) that it must tend to defeat or diminish plaintiff's demand; and (2) the demands must be reciprocal. Defendant overlooks the fact that section 438 deals with a procedural matter while section 368, Code of Civil Procedure, defines the substantive rights of the parties in the circumstances here presented. It is obvious that the provisions of section 368 must first be met before section 438 becomes applicable. Thus construed, the two sections are in harmony.

The judgment is reversed.

Moore, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied July 26, 1957.