[Civ. No. 6440.   Fourth Dist.   Aug. 10, 1961.]

THOMAS T. CRAIG et al., Appellants, v. GUY C. EARL, JR., et al., Defendants; HARLAN B. GRISWOLD et al., Respondents.

George Stahlman and Robert S. Walwick for Appellants.

Jones & Mealey and Michael C. Mealey for Respondents.

COUGHLIN, J.—This is an appeal by the plaintiffs from a summary judgment in favor of certain defendants. The question on appeal is whether the record supports the conclusion of the trial court that the plaintiffs' case presents no triable issue of fact. The second amended complaint, upon which issue was joined, is directed against Rainbow Municipal Water District, and Guy C. Earl, Jr., Harlan B. Griswold, D. L. Caldwell, W. N. Davis and Ross Dailey "as individuals, not as directors of Rainbow Municipal Water District," and alleges that the plaintiffs are the owners of certain real property; that the "defendants, and each of them, without authority, permission or consent of plaintiffs, placed or caused to be placed upon said property, certain heavy equipment and

quantities of water pipe for the purpose of building a water pipeline over and across the property of the plaintiffs; and for the construction and maintenance of a roadway paralleling the said water pipeline over and across the property of the plaintiffs''; that the ''defendants have at all times refused, and now refuse, to remove said water pipeline and to regrade the premises and to restore them to their natural state as they existed prior to the invasion of the plaintiffs' property by the defendants for the purpose as hereinabove alleged, but on the contrary, defendants threatened to continue to cause and to permit the said water pipeline and the roadways paralleling same to remain upon the plaintiffs' premises''; that the plaintiffs have been damaged by these trespasses; and that the defendants acted maliciously. The complaint prays for compensatory and punitive damages and for an injunction. All of the defendants answered; denied the foregoing allegations of the complaint; and alleged a number of affirmative defenses. The defendants Griswold, Caldwell and Davis moved for a summary judgment and supported their motion by affidavits. The plaintiffs filed counteraffidavits in reply; the trial court heard the motion; granted the same; and rendered judgment accordingly.

From the record before us it appears that sometime prior to April 30, 1957, the defendant Earl, Jr., constructed a water pipeline and a parallel roadway across the plaintiffs' land; that the defendant Rainbow Municipal Water District purchased this pipeline and roadway from the defendant Earl, Jr., and that at the time of such purchase the defendants Griswold, Caldwell and Davis were members of the board of directors of the water district. The moving defendants, in their affidavits, specifically and in detail denied the doing of any of the acts with which they were charged in the second amended complaint; stated that they had been members of the board of directors of the water district; and also stated that in their capacities as directors, their ''only dealing or contact with the alleged pipe lines and roadways was participation in the decision of the Board of Directors to accept ownership'' thereof on behalf of the water district, and that such acceptance was pursuant to an ordinance adopted by the district.

The counteraffidavits filed by the plaintiffs stated in substance that the defendants Griswold, Caldwell and Davis had participated in the formation of the water district, and after its formation acted as members of its board of directors;

that they owned property within said district; that their participation in the formation of the district and their action as members of the board of directors was for their individual benefit; that certain specifically described transactions by the water district increased the value of the land of these defendants and unjustly enriched them; that the defendant Earl, Jr., had no easement in the plaintiffs' property at the time he constructed the subject pipeline and roadway thereon, and the defendants Griswold, Caldwell and Davis knew this to be the fact when the water district purchased the pipeline and roadway from the defendant Earl, Jr.; that the approval of this sale aided the personal land development program of the defendant Earl, Jr.; and that said defendant had been a member of the board of directors before the sale in question but resigned therefrom knowing that as a director he was incapable of making a contract with the district and for this reason the sale was illegal and the defendants Griswold, Caldwell and Davis knew this fact. The counteraffidavits did not controvert the denials or allegations of the defendants' affidavits.

It readily is apparent that the statements contained in the counteraffidavits filed by the plaintiffs are not material to the issues raised by the complaint and answers.

■ The purpose of the motion for a summary judgment is to determine whether the issues presented by the pleadings actually are triable issues (*Coyne* v. *Krempels,* 36 Cal.2d 257, 262 [223 P.2d 244]); to enable the court "to pierce the allegations of the pleadings to ascertain whether a genuine cause of action exists." (*Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344, 348 [333 P.2d 142]; *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464].) ■ This purpose is accomplished through the presentation of proposed evidence by affidavits (Code Civ. Proc., § 437c; *Dudum* v. *City of San Mateo,* 167 Cal.App.2d 593, 595 [334 P.2d 968]; *Luders* v. *Pummer,* 152 Cal.App.2d 276, 278 [313 P.2d 38]), which are to be liberally construed in favor of the party resisting the motion "to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto" (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]; *Atchison* v. *McGee,* 141 Cal.App.2d 515, 518 [296 P.2d 860]), but must be directed to the issues raised by the pleadings. (Code Civ. Proc., § 437c; *Family Service Agency of Santa Barbara* v. *Ames, supra,* 166 Cal.App.2d 344, 347.)

█ The counteraffidavits filed in response to a defendant's motion for summary judgment may not create issues outside the pleadings; are not a substitute for an amendment to the pleadings; and are an ineffective defense to the motion unless they "set forth facts showing that . . . a good cause of action exists upon the merits." (Code Civ. Proc., § 437c; *Hicks* v. *Bridges,* 152 Cal.App.2d 146, 148 [313 P.2d 15].)

█ No matter how liberally the counteraffidavits filed by the plaintiffs in the instant case may be construed, there is no showing therein of facts which, if proved, would support a finding that the defendants or either of them trespassed upon the plaintiffs' land, constructed the pipeline or roadway thereon, or now or ever maintained the same. These were the charges made against the defendants by the complaint. Only upon proof thereof would the plaintiffs have been entitled to judgment against the defendants; upon failure of proof thereof the defendants would have been entitled to judgment against the plaintiffs. The allegations of the complaint did not charge the defendants with responsibility for the alleged trespass of Earl, Jr., or the water district. Since the defendants presented affidavits setting forth facts sufficient to sustain a judgment in their favor and these facts are not controverted by the affidavit or affidavits of the plaintiffs, the order of the trial court granting the motion for summary judgment was proper. (*Coyne* v. *Krempels, supra,* 36 Cal.2d 257, 263; *Cone* v. *Union Oil Co., supra,* 129 Cal.App.2d 558, 562.)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.