[Civ. No. 28609.   Second Dist., Div. Four.   July 6, 1966.]

DALE J. STEPHENS, Plaintiff and Respondent, v. AVIA-TION RESEARCH AND DEVELOPMENT PUBLISH-ING CORPORATION, Defendant and Appellant.

Ostrow & Drucker and Martin M. Ostrow for Plaintiff and Respondent.

Leland, Hoffman & Kalik and Horace L. Kalik for Defendant and Appellant.

BISHOP, J. pro tem.*—The defendant appeals from the judgment which awarded plaintiff $12,228.53, and adjudicated that defendant take "nothing by reason of its counterclaim." Defendant made a motion for a new trial which was denied. We are not persuaded that a new trial should have been granted, and are affirming the judgment.

The pretrial conference order, filed November 1, 1961, set the case for trial on January 29, 1962. On that day it was continued to June 6, 1962, "on motion of defendant." Another continuance was made, this time to August 23 "on the court's own motion." Again, on the motion of the defendant, there was a continuance to October 25. On that date, "on court's own motion, due to congested calendar" a further continuance designating January 21, 1963, was ordered. The plaintiff took his turn and on his motions two further postponements were made, to April 1, 1963, then to June 25. On the date just given the minute entry appears: "On motion of defendant cause ordered continued to October 14, 1963, at 9 a.m. No further continuances."

Not discouraged by those concluding words, on October 14 the defendant moved for a further continuance. In support of its motion it filed a declaration by a member of its firm of counsel, dated March 11, in which he recites that two weeks earlier he had written the defendant's president requesting certain documents required for the trial. Instead of the documents he received a phone call from the president to the effect that the defendant had become insolvent and without funds to send either him or another witness out to California to be witnesses. The declaration included further hearsay statements from a New York attorney who, in a letter dated October 10, advised local counsel that the New York attorney had been employed to prepare and was busy preparing bankruptcy papers for the defendant.

Defendant's motion for a continuance of at least 30 days was denied, but "due to congested calendar," the matter was continued to the next day. Then it went to trial, which was not concluded until October 16. On November 12 findings of fact and conclusions of law and the judgment appealed from were signed and filed.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

■ Up to this point, the only ground for a reversal of the judgment to which appellant points is the refusal of the court to grant it another last minute continuance. What of section 4½ of article VI, and its command: "No judgment shall be set aside, or new trial granted, in any case . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."? There was a trial of this action, participated in by defendant's counsel. We have no record reporting a word of the evidence taken. Obviously we cannot say that we are of the opinion, after an examination of the evidence, that the defendant was prejudiced by the denial of a further continuance.

■ We do not need to rely on the Constitution's direction, however. Section 595 of the Code of Civil Procedure, as in effect when defendant's motion was made, declared: "A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it." The point of defendant's declaration was that because of the unexpected insolvency of the defendant corporation, it could send neither its president nor another witness out to the trial. To what would they have testified? Not a hint is given. Just because a person is the president of a corporation does not mean that he has the knowledge about any matter that qualifies him to be a witness. Who was the other witness and to what would he testify? The declaration did not say. We find the refusal of the court on October 14 to grant a continuance beyond the necessities of its own calendar is no reason for a reversal.

■ Following the entry of the judgment defendant moved for a new trial. In support of his motion it presented two declarations, both centering around the subject already considered, the denial of a continuance beyond October 15. As we have already noted, section 4½ of article VI of our Constitution forbade the granting of a new trial in this case, "unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." Without a record of the evidence we cannot say that the trial court did anything other than its plain duty in denying defendant's motion for a new trial. In the absence of a transcript of the testimony, we are unable to determine whether the alleged

irregularities of procedure were prejudicial. (Const., art. VI, § 4½.) We may not presume they were prejudicial. (*Woods* v. *Pacific Greyhound Lines* (1949) 91 Cal.App.2d 572 [205 P.2d 738, 739].)

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.