[Civ. No. 18043. Third Dist. July 12, 1979.]

JUDY WILER et al., Plaintiffs and Appellants, v.
FIRESTONE TIRE & RUBBER COMPANY,
Defendant and Respondent.

## COUNSEL

Eugene C. Treaster and Edward J. Carroll for Plaintiffs and Appellants.

Diepenbrock, Wulff, Plant & Hannegan, John J. Hannegan and David A. Riegels for Defendant and Respondent.

## OPINION

**SCHOENIG, J.**\*—Plaintiffs appeal the adverse summary judgment on plaintiffs' action seeking to impose liability for wrongful death on defendant Firestone Tire & Rubber Company (Firestone), on the ground of a defective tire.

Plaintiffs Judy Wiler and Wendy June Wiler filed an action seeking to recover damages for the alleged wrongful death of Gary Wiler, their husband and father, respectively. Gary was killed while he was driving on Highway 99 between Sacramento and Stockton.

The Ford automobile belonging to Gary was found in a ditch with a deflated tire and officials theorized that the vehicle left the road at a high rate of speed. An autopsy revealed Wiler's blood alcohol concentration to be approximately .22 percent (ppm).

Subsequent to the accident, plaintiffs filed suit against numerous defendants,[1] including the owners of the bars who had served Wiler the

---

\*Assigned by the Chairperson of the Judicial Council.

[1] One of the bars which allegedly served plaintiffs' decedent while he was in an obvious intoxicated condition successfully demurred to the complaint.

night of the accident, Ford Motor Company, and Firestone, who had manufactured the tire on the vehicle.

Insofar as Firestone was concerned, liability was asserted on the ground that the tire, a Firestone 500 radial, was defective. However, discovery revealed plaintiffs' expert's opinion to be that no defects were present in the tire, except for the valve stem manufactured and attached to it by Ford Motor Company.

On this state of facts, Firestone moved for and was granted summary judgment. Following the entry of that judgment, plaintiffs appealed.

Plaintiffs contend the trial court erred in granting Firestone's motion for summary judgment. We disagree.

■ "The procedure for the entry of a summary judgment provides a method by which, if the pleadings are not defective, the court may determine whether the triable issues apparently raised by them are real or merely the product of adept pleading." (*Coyne* v. *Kremples* (1950) 36 Cal.2d 257, 262 [223 P.2d 244].)

The trial court must grant the motion for summary judgment if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c.)

"The purpose of the summary judgment statute (Code Civ. Proc., § 437c) is to promote and protect the administration of justice, and to expedite litigation by the elimination of needless trials. [Citations.] The court on a motion for summary judgment does not try issues, but merely determines on the basis of the affidavits of the parties whether there are factual issues to be tried. [Citations.]" (*Exchequer Acceptance Corp.* v. *Alexander* (1969) 271 Cal.App.2d 1, 11 [76 Cal.Rptr. 328]; *Jack* v. *Wood* (1968) 258 Cal.App.2d 639, 646 [65 Cal.Rptr. 856].)

■ "In examining the sufficiency of the affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be

used with caution so that it does not become a substitute for the open trial method of determining facts. [Citations.]" (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]; see *Pettis* v. *General Tel. Co.* (1967) 66 Cal.2d 503, 505 [58 Cal.Rptr. 316, 426 P.2d 884].)

"The motion shall be supported or opposed by affidavits, declarations, admissions, answers to interrogatories, depositions and matters of which judicial notice shall or may be taken. . . . [¶] Supporting and opposing affidavits or declarations shall be made by any person on personal knowledge, shall set forth admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Code Civ. Proc., § 437c.) ■ To " ' "satisfy the statutory requirement . . . the movant's affidavits must state all the requisite evidentiary facts and not merely the ultimate facts. (*Southern Pacific Co.* v. *Fish* [1958] 166 Cal.App.2d 353, 362 [333 P.2d 133]; *Murphy* v. *Kelly* [1955] 137 Cal.App.2d 21, 30-31 [289 P.2d 565].) Moreover, neither conclusions of law nor conclusions of fact are sufficient to satisfy the statutory requirement. (*Gardenswartz* v. *Equitable etc. Soc.* [1937] 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322].)" ' [*Snider* v. *Snider* (1962)] 200 Cal.App.2d at pp. 748-749.)" (*de Echeguren* v. *de Echeguren* (1962) 210 Cal.App.2d 141, 147 [26 Cal.Rptr. 562]; see, *Warfield* v. *McGraw-Hill, Inc.* (1973) 32 Cal.App.3d 1041, 1046 [108 Cal.Rptr. 652]; *Hatch* v. *Bush* (1963) 215 Cal.App.2d 692, 702 [30 Cal.Rptr. 397, 13 A.L.R.3d 503].)

"The defendant's supporting affidavits are responsive in nature and must necessarily be addressed to the issues raised by the complaint. (*Joslin* v. *Marin Municipal Water Dist.* (1967) 67 Cal.2d 132, 148-149 [60 Cal.Rptr. 377, 429 P.2d 889]; *Swaffield* v. *Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 171-172 [76 Cal.Rptr. 680]; *Miller & Lux, Inc.* v. *Bank of America* (1963) 212 Cal.App.2d 719, 728 [28 Cal.Rptr. 401]; *Craig* v. *Earl* (1961) 194 Cal.App.2d 652, 655 [15 Cal.Rptr. 207].)

■ "In determining whether triable issues are presented, the court may not consider the allegations of the complaint *except to the extent they are not controverted by affidavits on either side.* (*Jack* v. *Wood* (1968) 258 Cal.App.2d 639, 647 [65 Cal.Rptr. 856]; *Elliott* v. *Occidental Life Ins. Co.* (1964) 225 Cal.App.2d 510, 514-515 [37 Cal.Rptr. 525]; *Pappas* v. *Union Bond & Trust Co.* (1960) 186 Cal.App.2d 699, 701 [9 Cal.Rptr. 218]; see, *Arnold* v. *Hibernia Sav. & Loan Soc.* (1944) 23 Cal.2d 741, 744 [146 P.2d 684].) ■ Before a defendant's motion can be granted, it must clearly appear that the action is without merit, and every reasonable doubt must

be resolved in favor of the complaint. (*Arnold* v. *Hibernia Sav. & Loan Soc., supra; Duffy* v. *Campbell* (1967) 250 Cal.App.2d 662, 666 [58 Cal.Rptr. 653]; *Southern Pac. Co.* v. *Fish* (1958) 166 Cal.App.2d 353, 364 [333 P.2d 133].) 'Thus a plaintiff who has pleaded a cause of action on either of two theories will not be subject to defeat by summary judgment because the defendant has established by an uncontradicted affidavit that *one* of the two theories (but not necessarily the other) cannot be established. The burden is upon defendant to rule out *all possible merit. . . .*' (*Canifax* v. *Hercules Powder Co.* (1965) 237 Cal.App.2d 44, 50 [46 Cal.Rptr. 552] (original italics); see also, *Swaffield* v. *Universal Ecsco Corp., supra,* 271 Cal.App.2d at p. 171.)" (*Cox* v. *State of California* (1970) 3 Cal.App.3d 301, 309-310 [82 Cal.Rptr. 896].)

◼ The trial court's decision must be reviewed on the basis of the papers filed at the time the court considered the motion, not in the light of documents filed subsequent to the trial court's resolution of the issue. (*Jacobs* v. *Retail Clerks Union, Local 1222* (1975) 49 Cal.App.3d 959, 966 [123 Cal.Rptr. 309]; *Dixon* v. *Ford Motor Co.* (1975) 53 Cal.App.3d 499, 507 [125 Cal.Rptr. 872]; *Green* v. *Green* (1963) 215 Cal.App.2d 37, 46 [30 Cal.Rptr. 23]; *Dryer* v. *Dryer* (1964) 231 Cal.App.2d 441, 451 [41 Cal.Rptr. 839].)

◼ We therefore resolve plaintiffs' contentions in light of the record before the trial court considering all relevant evidence contained in interrogatories and depositions. After extensive discovery proceedings concerning Firestone, the following uncontroverted facts appear.

At the time of the accident, Gary was driving an almost new vehicle, owned by his employer, which was equipped with Firestone 500 radials. Plaintiffs claimed that the tire went flat prior to the accident and that that fact may have contributed to the accident. Plaintiffs argued that the vehicle was in a hazardous condition because of the allegedly defective valve stem and allegedly defective design of the tire.

Henry Hahne, an automobile expert consulted by plaintiffs, examined the tire and found no evidence of defects except that the valve stem manufactured and attached by Ford was missing and broken. The valve stem does not presently exist. Plaintiffs also admitted that as of the date of the answer to the interrogatory, no evidence of defective design existed. No evidence existed that Gary either abused the tire or had an accident which could have caused damage to the tire before the accident.

When Firestone sought to compel an answer to the interrogatories asking in what respect plaintiffs claimed the tire was defective, the trial court granted plaintiffs 60 days to obtain evidence as to the defect. Thirty days later, Firestone moved for summary judgment. The trial court then continued the matter to coincide with the expiration of the 60-day period and some 125 days after the filing of the notice of the motion, the trial court granted defendant's motion for summary judgment. The record thus reveals a continuance wherein plaintiffs should have been able to produce evidence of a defect.

Although plaintiffs make no claim to have specific evidence, they argue the motion for summary judgment should not have been granted because federal investigation into alleged defects in Firestone tires might reveal evidence useable at trial.

A continuance merely upon the assertion of one of the parties that he feels that he might be able to discover evidence favorable to him is not a matter of right. It is a matter which is left to the sound discretion of the trial court, and the appellate courts will not interfere with the exercise of that discretion except upon a clear showing that it has been abused. (*Johnston* v. *Johnston* (1941) 48 Cal.App.2d 23, 26 [119 P.2d 158]; *Lea* v. *Shank* (1970) 5 Cal.App.3d 964, 977 [85 Cal.Rptr. 709, 86 Cal.Rptr. 515]; see, *Stephens* v. *Aviation Research etc. Corp.* (1966) 243 Cal.App.2d 349, 351 [52 Cal.Rptr. 322]; *Windiate* v. *Moore* (1962) 201 Cal.App.2d 509, 517 [19 Cal.Rptr. 860].)

The trial court could reasonably conclude that after a lengthy continuance, a further continuance was an unnecessary delay.

The rules of discovery contemplate that a party must use all due diligence to discover favorable evidence and that the party may not sit back in idleness and hope to savor the fruits developed by some other person in diligence and industry. (See, *Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195, 204 [41 Cal.Rptr. 721].) Plaintiffs' argument that they be permitted to wait until favorable evidence might be developed in the course of federal proceedings is in reality a mere hope that something useful might be developed through the efforts of another. Moreover, plaintiffs' own experts examined the tire and could find no defects other than a broken valve stem manufactured and attached to the tire by Ford Motor Company. Thus, we cannot say the trial court's discretion was abused.

The final question we must resolve is whether Firestone may be held liable for negligence of Ford Motor Company or for a defect in the latter's product.

■■ A component part manufacturer may be held liable for damages caused by a component part which was defective at the time it left the component part manufacturer's factory. (See, *Edison* v. *Lewis Mfg. Co.* (1959) 168 Cal.App.2d 429, 436-442 [336 P.2d 286]; *Fredericks* v. *Am. Export Lines* (2d Cir. 1955) 227 F.2d 450, 451, 453-454; *Spencer* v. *Madsen* (10th Cir. 1944) 142 F.2d 820, 823; *State* v. *Garzell Plastics Industries* (E.D.Mich. 1957) 152 F.Supp. 483, 486; *Willey* v. *Fyrogas Co.* (1952) 363 Mo. 406 [251 S.W.2d 635, 640-644]; *Smith* v. *Peerless Glass* (1932) 259 N.Y. 292 [181 N.E. 576, 577-578].)

■■ However, as plaintiffs' evidence shows no defect in the component part, the tire, which was manufactured by Firestone, it may not be held liable. (*Zambrana* v. *Standard Oil Co.* (1972) 26 Cal.App.3d 209, 216-219 [102 Cal.Rptr. 699]; *McGoldrick* v. *Porter-Cable Tools* (1973) 34 Cal.App.3d 885, 888 [110 Cal.Rptr. 481]; *Kalinowski* v. *Joseph T. Ryerson & Son, Inc.* (1934) 242 App.Div. 43 [272 N.Y.S. 759, 762].)

As Prosser states: " . . . the problem is one of whether the responsibility for discovery and remedy of the danger is shifted to the intermediate handler, which will turn in part at least upon the reasonable expectation that he will take care of it. The seller of raw pork, which is expected to be cooked before it is made into sausage, is certainly not to be held liable when it is packed half raw into the casings. On the other hand, if raw coffee beans are sold to a buyer who is to do no more than roast, grind and pack them, it cannot be supposed that the seller will escape the liability when they are contaminated with arsenic or some other poison. The nature of the defect and the degree of danger are no doubt important, and so is the relation of the parties; and undoubtedly there are some defects as to which the responsibility cannot be shifted." (Prosser, *Strict Liability to the Consumer in California* (1966) 18 Hastings L.J. 9, 22-23.)

In dealing with an automotive manufacturer which designs and produces automotive products, Firestone could reasonably believe Ford Motor Company would take appropriate measures to insure proper design and installation of the valve stem. Accordingly, responsibility for

the *valve, as distinguished from the tire,* rests with Ford Motor Company and not Firestone.

Thus, the trial court properly granted summary judgment.

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.