101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John SCHULTZ, Plaintiff-Appellant,
v.
NAVISTAR INTERNATIONAL TRANSPORTATION CORP.,
Defendant-Third-Party-Plaintiff-Appellee,
v.
K-B TRANSPORT, INC., Third-Party Defendant.
 No. 95-9188.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 APPEARING FOR APPELLANT: David J. Edwards, Law Offices of Scott H. Smith, Esq., Rochester, NY.
 APPEARING FOR APPELLEE: Donald A.W. Smith, Law Offices of Pearl & Smith, Rochester, NY.
 W.D.N.Y.
 AFFIRMED.
 Before MESKILL, MINER, Circuit Judges, and LASKER,* District Judge.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued by counsel.
 Plaintiff-appellant John Schultz appeals from a judgment entered in the United States District Court for the Western District of New York (Larimer, J.) granting summary judgment to defendant-appellee Navistar International Transportation Corp. and dismissing Schultz' product liability action.
 
 
 1
 Schultz was a 44 year-old truck driver employed by K-B Transport ("K-B"). On May 14, 1990, Schultz reported to K-B's garage in Brockport, New York. Because his regular vehicle was being repaired, Schultz was informed that another truck, an International Cab-Over model 9670 (the "International truck"), would be assigned to him. During a pre-operation inspection of the International truck, Schultz noticed that the fold-down step attached to the saddle tank strap and used to obtain access to the rear of the truck's cab, was missing. In place of the step were two "nubs," which were spaced about two inches apart and extended one and one-half to two inches from the strap.
 
 
 2
 That afternoon, Schultz began his assignment with the International truck. On that day, Schultz mounted the rear of the truck's cab three times without incident. Schultz explained that, in light of the missing step, his technique for mounting the rear of the cab was "very similar to getting on a horse." According to Schultz, he would grasp the nearest grab handle with his left hand, place his left foot on the nubs, and swing his right leg upward in an arc, so that it was "like getting in the saddle so you land on top of this catwalk." On the next day, Schultz mounted the rear of the cab in the same manner as he had the day before. It was when Schultz attempted to mount the rear of the cab for a second time, that the accident occurred. Schultz claims that his left foot slipped off the nubs as he was in the process of swinging his right leg through the air. His left hand then slipped from the grab handle and he fell to the ground. As a result of his fall, Schultz was injured.
 
 
 3
 On July 9, 1993, Schultz commenced a diversity action in district court against defendant-appellee Navistar International Transportation Corp. ("Navistar"), the manufacturer of the truck, seeking damages for his injuries under a theory of strict products liability. Schultz claimed that the International truck had been equipped with a defectively designed step that was unreasonably dangerous because it had extended out beyond the side of the truck, thereby exposing it to damage and breakage when the truck maneuvered around stationary objects. On February 8, 1995, Navistar moved for summary judgment, and, on July 5, 1995, the district court granted the motion and dismissed Schultz' complaint. This appeal followed.
 
 
 4
 Schultz argues that the district court erred in granting Navistar summary judgment because his submissions in opposition to the motion were sufficient to raise a question of fact as to whether the step was defectively designed. While Schultz presented some evidence that the step was defectively designed, he could not demonstrate that a design defect was the proximate cause of his injury. For this reason, we think that the district court properly granted summary judgment.
 
 
 5
 In order to establish a prima facie case in strict products liability for design defects in New York State, "the plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury." Voss v. Black & Decker Manufacturing Co., 463 N.Y.S.2d 398, 402 (1983). Schultz argues, inter alia, that the step was defectively designed because it extended outside of the truck's perimeter and therefore was exposed to damage because it could be struck by external fixed objects. Schultz claims that, because of the step's protrusion, it was torn from the International truck. Apparently, Schultz contends that the step design was the proximate cause of his injury because he fell while trying to mount the rear of the cab without the benefit of the missing step.
 
 
 6
 However, Schultz is able only to speculate that the step was missing from the International truck because it protruded outside of the truck's perimeter. As the district court noted, there are many possible reasons why the step was missing. For example, the step could have been removed by K-B or another driver, or, for that matter, vandals could have broken it off the truck. In any event, because Schultz must show causation by more than conjecture and surmise, see Mehra v. Bentz, 529 F.2d 1137 (2d Cir.1975), cert. denied, 426 U.S. 922 (1976); Kalinowski v. Ryerson, 272 N.Y.S. 759 (4th Dep't 1934), aff'd, 270 N.Y. 532 (1936), Schultz failed to make out a prima facie case of strict products liability, and, accordingly, his complaint was properly dismissed.
 
 
 7
 We have considered Schultz' remaining contentions, and we find them all to be without merit.
 
 
 
 *
 The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation