Filed 12/22/14  Ortiz v. Clarke CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TENIKA ORTIZ, | B251740 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YQ019492) |
| v. | |
| KARYL CLARKE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Patricia J. Titus, Judge.  Affirmed.

Karyl Clarke, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Karyl Clarke challenges a restraining order preventing him from contacting or threatening his former girlfriend, Tenika Ortiz. Clarke has not shown a miscarriage of justice arising from the allegedly deficient service of Ortiz's petition, and his failure to provide an adequate record on appeal prevents this court from reviewing the sufficiency of the evidence presented at trial or the trial court's evidentiary rulings. We affirm.

## FACTS

Tenika Ortiz sought a restraining order against appellant Clarke, the father of her two minor children, requesting protection for herself and the children. Ortiz alleged that appellant banged on her door, yelling that he wanted to see the children; he threatened to go to Ortiz's apartment with a bat and was "going to do whatever it took to see the kids." The trial court granted a temporary restraining order on August 7, 2013.

During a child custody hearing on August 14, 2013, appellant was served by the bailiff with a notice of hearing on Ortiz's request for a protective order, prompting appellant to tell the trial judge that Ortiz was trying to deprive him of his parental rights. Ortiz declined the court's offer to adjudicate her request for a restraining order concurrently with the child custody matter. Appellant served a written response to Ortiz's request for a restraining order.

On August 28, 2013, after hearing testimony from appellant and Ortiz, and considering appellant's opposition papers, the court granted the restraining order. It prohibits appellant from harassing, attacking, striking, assaulting, hitting, following, stalking, surveilling, blocking, or contacting Ortiz until August 28, 2016. He is allowed "brief and peaceful" contact with Ortiz and their children, as required for court-ordered visitation. Appellant filed a notice of appeal one month after the court signed the restraining order. After taking the appeal, appellant persuaded the trial court to delete language in the order that barred him from going to his children's school.

## DISCUSSION

### 1. Appeal and Review

The Domestic Violence Prevention Act (DVPA) allows a court to issue a protective order enjoining specific acts of domestic violence and other harassing or

2

threatening behavior committed against a current or former spouse or cohabitant. (Fam. Code, §§ 6200, 6211, 6218, 6301, 6320, 6340.) An order made under the DVPA is appealable. (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 332.)

A DVPA order is reviewed for an abuse of discretion. (*Quintana v. Guijosa* (2003) 107 Cal.App.4th 1077, 1079; *Nakamura v. Parker*, *supra*, 156 Cal.App.4th at p. 333; *Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420; *Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.) Because respondent Ortiz has not filed a brief, we must examine the record, consider appellant's brief and argument, and reverse only if prejudicial error is shown. (*Nakamura*, at p. 334; *Gonzalez*, at p. 419, fn. 2.)

## 2. Service of Process

Appellant was personally served with a "notice of hearing" by the bailiff during a child custody hearing, advising him of Ortiz's request for a protective order. He complained about it to the trial judge, who offered to consolidate the DVPA petition with the child custody case. Ortiz declined the offer.

Appellant contends that service was inadequate: he did not receive a copy of Ortiz's DVPA petition, the police report attached to it, or the temporary restraining order. Nevertheless, appellant obtained a copy of the petition and responded, serving his opposition on Ortiz and filing it with the court. Appellant claims he requested a continuance due to the improper service, but the trial court denied his request.[1] Without a reporter's transcript, we do not know whether the court denied a continuance because appellant failed to show a need for additional time.

Even if the bailiff did not serve all of Ortiz's documents, this alone does not lead to reversal. A judgment may not be set aside unless an error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.) Appellant's brief must spell out exactly how the

---

[1] Appellant's written opposition to the petition and his request for a continuance were not designated for inclusion in the record on appeal.

3

error caused an injustice, making it reasonably probable he would have obtained a more favorable result absent the error. (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 939; *County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 945.) Appellant must show that the error prejudicially affected his rights and the outcome. Prejudice is not presumed. (Code Civ. Proc., § 475; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-802; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)

Appellant's brief shows that he obtained Ortiz's DVPA petition, then served and filed a response. At the hearing on the petition, appellant appeared, testified and, presumably, had an opportunity to cross-examine Ortiz. (The transcript is not in the record.) The bailiff's failure to serve supporting documents was harmless error. Appellant has not shown that he was deprived of notice or an opportunity to be heard. He presented his opposition to the trial court both in writing and in oral testimony. Appellant did not demonstrate a miscarriage of justice that prejudicially affected his rights or the outcome. It is not reasonably probable that a different outcome would have resulted with better service, because appellant ultimately had the opportunity to oppose Ortiz's petition and make his case below. He lost because the trial court, as trier of fact, chose to believe Ortiz's testimony and to disbelieve appellant.

## 3. <u>Sufficiency of the Evidence</u>

Appellant contends that "the judgment was not supported by sufficient evidence." It is appellant's burden to provide an adequate record to demonstrate error, and failure to do so results in affirmance of the trial court's determination. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200-1201.) Appellant elected not to provide this court with a transcript of the witness testimony from the hearing on Ortiz's request for a restraining order, and did not attempt to settle the record with the trial court. Without sworn testimony or a settled record to review, we must presume that the trial court heard sufficient evidence to support its findings and determination. (*Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal.App.4th 26, 43 [it is presumed that the record contains evidence to sustain the trial court's findings, and appellant is required to demonstrate that it does not].) Appellant's attempt to recount the trial testimony, based

4

on his personal recollection—not on a reporter's transcript—is inadmissible.  Similarly, we cannot review the trial court's evidentiary rulings rejecting the police reports that appellant offers in his "Request for Judicial Notice."[2]

In light of the deficient appellate record, we cannot overturn the judgment. Without a transcript of testimony, there is no way to see if there was prejudice.  (*Stephens v. Aviation Research etc. Corp.* (1966) 243 Cal.App.2d 349, 351-352.  See also *C.H. Duell v. Metro-Goldwyn-Mayer Corp.* (1932) 128 Cal.App. 376, 378 [when the record is incomplete and does not contain all evidence, an appellate court cannot determine if the claimed error resulted in a miscarriage of justice].)

## **DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                    BOREN, P.J.

We concur:


        CHAVEZ, J.


        HOFFSTADT, J.

---

[2]     Appellant's request for judicial notice is denied:  there is no showing that the documents were properly authenticated at trial.  (Evid. Code, § 1400 et seq.)